FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 MAR 14 AM 10: 01
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| TERRY LAMAR ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-108 |
| ) | |
| JACOB BEASLEY, L.T., et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Georgia State Prison in Reidsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983.[1] Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.[2]

---

[1] Although Plaintiff is currently incarcerated at Georgia State Prison, his complaint concerns events that allegedly occurred at Telfair State Prison. (See doc. no. 1.)

[2] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he is unable to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial partial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

I. **SCREENING OF THE COMPLAINT**

A. **BACKGROUND**

Plaintiff alleges that on June 24, 2012, at 9:00 in the morning, while he was housed in cell 427 in F-2, "Administrative Segregation," at Telfair State Prison, he "had words" with another inmate in cell 412 and threw a cup or urine at the door of cell 412. (Doc. no. 1, p. 5.) According to Plaintiff, Defendant Spires was the "official working F-2" at the time, and, after Plaintiff threw the cup of urine, Defendant Spires called Defendant Beasley, who was the "supervisor over the shift." (Id.) Plaintiff avers that after Defendants Spires and Beasley discussed what Defendant Spires had seen, Defendant Beasley called Defendant Wommack, who was the official working F-1. (Id.)

Plaintiff reports that Defendant Wommack then came to F-2 with a shield and a camcorder, and that all three Defendants then came to Plaintiff's cell door with the "camcorder rolling" and "O.C. spray in hand" and told Plaintiff to "cuff up to be handcuff[ed]." (Id.) According to Plaintiff, Defendant Beasley told him it was "for throwing urine." (Id.) Plaintiff alleges that he was handcuffed and moved to the shower, and that Defendants did not try to take the handcuffs off of him. (Id.) Plaintiff then avers that Defendants went to his cell and found "a homemade weapon." (Id. at 6.) After Defendants found the weapon, Plaintiff asserts that Defendant Beasley came to the shower door and told Plaintiff "he got me where he wants me." (Id.) When Plaintiff asked Defendants to remove his handcuffs, Defendant Beasley allegedly responded, "write it up." (Id.)

2

Plaintiff avers that he was left in the shower with handcuffs and no mattress for "over 24 hrs," in the proximity of "his and others' human waste saliva, urine, feces, sweat, blood, and semen." (Id.) Plaintiff also asserts that he had "no sink, no bathroom, no drinkable water, [and] no bedding" while he was in the shower. (Doc. no. 1-1, p. 5.) According to Plaintiff, he received two "Disciplinary Report Work Sheet[s]," one for intentionally throwing or propelling a nuisance item and the other for possession of a weapon. (Doc. no. 1, p. 6.)

Plaintiff alleges that Defendants' conduct violated his rights under the Eighth Amendment, his rights to due process and equal protection under the Fourteenth Amendment, and various provisions of the Georgia Department of Corrections Standard Operating Procedure ("SOP"). (Doc. no. 1-1, p. 4.) Plaintiff states that he wishes "for the Court to have a fully good understanding of the matter at hand" and he seeks monetary damages. (Doc. no. 1, p. 7.)

**B.    DISCUSSION**

**1.    Failure to State an Equal Protection Claim**

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a federal equal protection claim upon which relief can be granted. Plaintiff contends that the misconduct alleged in his complaint resulted in a violation of his right to equal protection. (Doc. no. 1-1, p. 4.) However, "[t]o establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who

3

received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*); see also Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir.1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

Here, Plaintiff does not meet these criteria. Namely, Plaintiff fails to allege that he was placed in the shower based on some constitutionally protected interest, as he does not allege the action was taken for any discriminatory reason. Rather, it appears from the allegations in his complaint that Plaintiff was placed in the shower because he threw a cup of urine at another inmate. Therefore, Plaintiff has failed to state a federal equal protection claim upon which relief may be granted.

## 2. Failure to State a Claim Based on Violation of SOP

Plaintiff also alleges that the misconduct alleged in his complaint violated several provisions of the SOP of the Georgia Department of Corrections. However, an allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations "are primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); see also Rienholtz v. Campbell, 64 F. Supp. 2d 721, 731 (W.D. Tenn. 1999), *aff'd*, 198 F.3d 247 (6th Cir. 1999) (Table) ("In a § 1983 action, a federal court considers whether a *constitutional* right has been infringed, not whether

4

bureaucratic procedures have been violated."); Taylor v. White, CIV.A. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012), *adopted by* 2012 WL 403849 (S.D. Ala. Feb. 7, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on Defendants' alleged violation of the SOP.[3]

## III. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that Plaintiff's claims regarding equal protection and violation of prison regulations be dismissed for failure to state a claim upon which relief may be granted.

SO REPORTED and RECOMMENDED this 14th day of March, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3] In a simultaneously issued Order, the Court has ordered service of process be effected on Defendants based on Plaintiff's Eighth Amendment and due process claims.