ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUL 25 AM 9:05
CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| TERRY LAMAR ANTHONY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-108 |
| ) | |
| JACOB BEASLEY, L.T., et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who at the time he commenced this case was an inmate at Georgia State Prison in Reidsville, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983 and is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is before the Court on Defendants Beasley's and Womack's (hereinafter "Defendants") Motion to Dismiss for Want of Prosecution.[1] (Doc. no. 20.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' Motion to Dismiss for Want of Prosecution be **GRANTED IN PART** and **DENIED IN PART**, that Defendants' Pre-Answer Motion to Dismiss be **DENIED AS MOOT**, (doc. no. 10), that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

### I. BACKGROUND

On May 15, 2013, Defendants filed a Pre-Answer Motion to Dismiss, in which they contend that Plaintiff's complaint fails to state a claim upon which relief may be granted, that

---

[1] The third named Defendant, Cole Spires, has not yet appeared in this case.

Plaintiff's complaint should be dismissed under 42 U.S.C. § 1997e(e), that Defendants are entitled to qualified immunity, and that Plaintiff is not entitled to recover money damages against Defendants in their official capacities. (See generally doc. no. 10-1.) On the same day, Defendants filed a motion to stay discovery pending resolution of their Pre-Answer Motion to Dismiss. (Doc. no. 11.) On June 12, 2013, the Court granted Defendants' motion to stay discovery, which Plaintiff did not oppose. (Doc. no. 18.)

The Court's June 12th Order was returned as undeliverable, however. After confirming with Georgia State Prison that Plaintiff is no longer housed at that facility, Defendants filed the instant Motion to Dismiss for Want of Prosecution, contending that Plaintiff's complaint should be dismissed for his failure to notify the Court of a change of address. (See doc. no. 20.) As Defendants point out, Plaintiff is no longer housed at Georgia State Prison, but has not at any point informed the Court of a change of address. (Id. at 2.) The Court has twice informed Plaintiff of his obligation to notify this Court if his address changed while this action was pending, and the Court both times informed him that failure to do so would result in dismissal of this case. (See doc. no. 3, p. 4; doc. no. 8, p. 6.)

## II. DISCUSSION

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co.,

434 F.2d 1064, 1065 (5th Cir. 1970)[2] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, "dismissal without prejudice [is] appropriate" pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't., 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff has failed to notify the Court of a change of address, despite being warned twice that his failure to do so would result in dismissal of this case. Plaintiff's failure to comply with the terms of the Court's Orders to provide the Court with an address where he can be reached amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not feasible.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an

---

[2] In Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

adjudication on the merits.[3]  See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice.[4]  The Court is simply recommending dismissal without prejudice until such time as Plaintiff is willing to file his case and pursue it.

Accordingly, the Court recommends that Defendants' Motion to Dismiss for Want of Prosecution be **GRANTED IN PART** and **DENIED IN PART**, and that this case be dismissed without prejudice for failure to prosecute. (Doc. no. 20.)

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' Motion to Dismiss for Want of Prosecution be **GRANTED IN PART** and **DENIED IN PART**, (doc. no. 20), that Defendants' Pre-Answer Motion to Dismiss be **DENIED AS MOOT**, (doc. no. 10), that this case be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of July, 2013, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[3] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. Fed. R. Civ. P. 41(b).

[4] Defendants request that the dismissal be with prejudice. (Doc. no. 20, p. 2.)

4